UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
3:21-CV-53-CHB

| | |
|---|---|
| **Travis Cox,**<br><br>**Impact Holdings LLC a/k/a Impact Homes Group,**<br><br>   Plaintiffs,<br><br>  v.<br><br>**Impact Home Group, LLC,**<br><br>**Impact Home Group, LLC,** and<br><br>**Jesse Allen**<br><br>   Defendants. | **VERIFIED COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF** |

Plaintiffs Travis Cox and Impact Holdings LLC a/k/a Impact Homes Group (collectively, "Impact Homes Group") for its Verified Complaint against defendants Impact Home Group, LLC, Impact Home Group, LLC, and Jesse Allen (collectively "Defendants"), states as follows:

## PARTIES

1. Travis Cox is a resident of Jefferson County, Kentucky and is the sole member of Impact Holdings LLC.

2. Impact Holdings LLC a/k/a Impact Homes Group is a Kentucky limited liability company with a principal office at 481 Mallard Lake Blvd., Shepherdsville, KY 40165.

3. Impact Home Group LLC ("Impact – Indiana") is an Indiana limited liability company which purports to have a principal office at 2207 Meadowbrook Way, Jeffersonville, IN, 47130.

4. Impact Home Group LLC ("Impact – Kentucky") is a Kentucky limited liability company which purports to have a principal office at 2207 Meadowbrook Way, Jeffersonville, IN, 47130.

5.      Upon information and belief, Jesse Allen is a resident of the state of Indiana and is the sole member of both Impact – Indiana and Impact – Kentucky.

## JURISDICTIONAL STATEMENT AND VENUE

6.      This Court has subject matter jurisdiction under 15 USC §§ 1121, 1125, as well as 28 USC §§ 1331, 1338, 1367 involving claims arising under the laws of the United States, including claims under the Lanham Act. All claims not arising under the laws of the United States are so related to the claims within the Court's jurisdiction that they form the same case and controversy.

7.      Venue is proper in Jefferson County, Kentucky because a substantial number of events giving rise to this claim occurred in Jefferson County, Kentucky.

8.      This Court has personal jurisdiction over all Defendants because they are residents of, or operate in, Jefferson County, Kentucky and the subject matter of this Complaint arises from Defendants' acts and/or omissions occurring substantially in Jefferson County, Kentucky.

## IMPACT HOMES GROUP

9.      Travis Cox has been a licensed realtor with a Keller Williams since 2013. *See* Kentucky Broker Information attached as **Exhibit 1**.

10.     He began operating under the trade name "Impact Homes Group" on January 31, 2017. *See* Social Media Screenshot attached as **Exhibit 2.**

11.     He is the sole member of and organized Travis Cox Realty, LLC, a Kentucky limited liability company, on November 27, 2017, which was administratively dissolved on October 8, 2020.

12.     He organized Impact Holdings LLC on January 2, 2020 and remains its sole member. He assigned all rights to the "Impact Homes Group Mark" to the new LLC on January 2, 2020. *See* Memorandum of Trademark Assignment attached as **Exhibit 3**.

13. On May 21, 2018, Travis Cox became licensed in Indiana as a real estate broker. *See* Indiana Broker Information attached as **Exhibit 4.**

14. Impact Homes Group has sold at least 680 homes in counties including Clark and Floyd Counties in Indiana and Jefferson, Oldham, Shelby, Spencer, Bullitt, Nelson, Hardin, Meade, Larue, and Breckenridge Counties in Kentucky.

15. Since 2017, Impact Homes Group has advertised extensively in Indiana and Kentucky. From 2017 – 2019, Impact Homes Group spent approximately $300,000in marketing expenses. In 2020 alone Impact Homes Group spent over $80,000 in marketing. These marketing efforts include hosting client events, direct mail, creating products that include the Impact Homes Group logo, and advertising on relevant websites including Zillow.com and social media.

16. Through its marketing, commitment to its clients, and successful sales, Impact Homes Group has built a strong identity in the region.

17. Indeed, Impact Homes Group is recognized as one of the most successful Keller Williams groups in the region. Impact Homes Group is Keller Williams' second-highest grossing agency in the area.

## JESSE ALLEN'S DELIBERATE INFRINGEMENT

18. Jesse Allen is a realtor that sells homes in both Indiana and Kentucky and operates a Keller Williams group.

19. At some point in late 2020, Jesse Allen sought to create his own realty brand. In doing so, he has admitted that he researched possible names and found Impact Homes Group's website.

20. Jesse Allen organized Impact Home Group LLC in Indiana on November 24, 2020. *See* Indiana Secretary of State Website Screenshot attached as **Exhibit 5.**

21. Jesse Allen organized Impact Home Group LLC in Kentucky, as a separate Kentucky Domestic entity, on December 11, 2020. *See* Articles of Organization attached as **Exhibit 6.**

22. Around the same time as organizing the limited liability companies, Jesse Allen began holding his Keller Williams group out as "Impact Home Group" – a name being just one letter different from Plaintiffs' senior mark, Impact Homes Group.

23. In conversation with Travis Cox, Jesse Allen admitted that his name choice was virtually identical to Plaintiffs' mark, and could result in loss of clients and revenue for Impact Homes Group.

24. Despite legitimate demands to "cease and desist" infringement, Jesse Allen continues to operate his Keller Williams group under a deliberately infringing name and mark with the purpose of misleading consumers. Jesse Allen seeks to profit off of the excellent reputation and goodwill of Impact Homes Group.

## CONSUMER CONFUSION

25. Impact Homes Group is aware of significant consumer confusion in the market. By way of illustration, but without limitation, it notes the following incidents:

    a. On December 16, 2020 Travis Cox received a call from a tenant occupying a home that was listed by Jesse Allen's group. Jesse Allen had not told the tenant when showings were scheduled and the tenant complained that prospective buyers were walking in while he was in the house and seemed very frustrated. In calling Travis Cox, the tenant mistakenly believed that he was calling the realtor selling his home due to the confusingly similar names. The tenant stated that he got the contact information by searching the name of the group on the "For Sale" sign at his house on the internet.

    b. On December 17, 2020 a potential client reached out to Impact Homes Group from a referral from a lender. That potential client stated that she was not certain if she was contacting the correct Impact Homes Group since she found multiple entities online with the same name.

    c. Multiple people have contacted Impact Homes Group to ask if Jesse Allen joined that group.

    d. On January 26, 2021, Jesse Cox attended an invitation-only event in Dayton, Ohio for high performing realtors. At that event, an Indiana-based realtor stated that he saw Jesse Cox listed a house in that realtor's neighborhood, and congratulated him on his successes. Jesse Cox knew he did not have a house for sale in that neighborhood. When asked about it, the realtor stated that he "saw Impact Home Group" on the sign.

26. These incidents occurred quickly once Jesse Allen began using the infringing mark. Impact Homes Group anticipates it will learn of more confusion as long as Jesse Allen is operating his group under the infringing mark.

## COUNT I
## TRADE NAME INFRINGEMENT - INJUNCTIVE RELIEF

27. Impact Homes Group incorporates by reference the allegations contained in all prior paragraphs of this Complaint.

28. Impact Homes Group possesses common law rights based on its use in commerce of the trade name and service mark "Impact Homes Group," dating back at least to January 31, 2017.

29. Defendants are intentionally misleading consumers by deliberately infringing on Impact Homes Group's trade name and service mark which was first used extensively in commerce dating back to January 31, 2017.

30. Impact Homes Group's remedies at law are inadequate because there is no way to completely identify the frequency of customer confusion or to sufficiently calculate damages.

31. Impact Homes Group is entitled to injunctive relief prohibiting Defendants from further infringements upon its trade name and marks.

## COUNT II
## TRADE NAME INFRINGEMENT – DAMAGES

32. Impact Homes Group incorporates by reference the allegations contained in all prior paragraphs of this Complaint.

33. Impact Homes Group is entitled to an accounting of profits attributable to Defendants' willful infringement. *See generally Newport Sand Bank Co. v. Monarch Sand Mining Co.*, 137 S.W. 784 (Ky. 1911)).

34. Impact Homes Group is entitled to compensatory damages due to lost profits and harm to its good will and reputation, in addition to the ill-gotten profits of Defendants.

35. Impact Homes Group is entitled to punitive damages due to Defendants' egregiously fraudulent and deliberate use of Impact Homes Group's trade name and service mark to steal the business of its competitor. *See generally Henderson v. Henderson Funeral Home Corp.*, 320 S.W.2d 113 (Ky. 1958)).

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS – INJUNCTIVE RELIEF

36. Impact Homes Group incorporates by reference the allegations contained in all prior paragraphs of this Complaint.

37. At the time Defendants chose their name, they were aware of the brand and commercial success of Impact Homes Group.

38. Defendants intentionally redirected clients and potential clients who were seeking the services of Impact Homes Group.

39. Defendants intentionally harmed Impact Homes Group through its interference with Impact Homes Group's actual and prospective clients.

40. Impact Homes Group's remedies at law are inadequate because there is no way to completely monitor the market in order to identify the number and frequency of consumer confusion or to sufficiently calculate damages.

41. Impact Homes Group is entitled to injunctive relief prohibiting Defendants from further intentional interferences with its business relations.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS – DAMAGES

42. Impact Homes Group incorporates by reference the allegations contained in all prior paragraphs of this Complaint.

43. At the time Defendants chose their name, they were aware of the brand and commercial success of Impact Homes Group.

44. Defendants intentionally redirected clients and potential clients who were seeking the services of Impact Homes Group.

45. Defendants intentionally harmed Impact Homes Group through its interference with Impact Homes Group's actual and prospective clients.

46. Impact Homes Group is entitled to compensatory damages due to lost profits and harm to its good will and reputation, in addition to the ill-gotten profits of Defendants.

47. Impact Homes Group is entitled to punitive damages due to Defendants' reckless disregard of Impact Homes Group's rights through the malicious and unjustifiable interference with Impact Homes Group's prospective and actual clients.

## COUNT V
## LANHAM ACT (15 U.S.C. § 1125(a)) – INJUNCTIVE RELIEF

48. Impact Homes Group incorporates by reference the allegations in all prior paragraphs of this Complaint.

49. Defendants' continued and willful use of the name "Impact Home Group" in connection with its realty business is likely to cause confusion in the marketplace, and indeed has already caused significant actual confusion in the marketplace.

50. Impact Homes Group is entitled to injunctive relief under Federal law. *See* 15 USC § 1116(a)).

## COUNT VI
## LANHAM ACT (15 U.S.C. § 1125(a)) – DAMAGES

51. Impact Homes Group incorporates by reference the allegations in all prior paragraphs of this Complaint.

52. Impact Homes Group is entitled to actual damages, the costs of pursuing this action including attorneys' fees, and disgorgement of Defendants' ill-gotten profits. *See* 15 U.S.C. § 1117(a)).

## COUNT VII
## UNJUST ENRINCHMENT

53. Impact Homes Group incorporates by reference the allegations in all prior paragraphs of this Complaint.

54. Defendants have and will unlawfully benefit from representing themselves using a nearly identical name Impact Homes Group has cultivated over several years.

55. Defendants enjoy those benefits at the expense of Impact Homes Group.

56. Impact Homes Group will not receive any value from Defendants' unlawful representations.

57. It would be inequitable and unjust for Defendants to retain the benefits of their unlawful conduct.

**WHEREFORE** Impact Homes Group respectfully requests this Court to:

1. Issue a permanent injunction enjoining Defendants from using "Impact Home Group" and any other mark substantially or confusingly similar to "Impact Homes Group;"

2. Award Impact Homes Group all compensatory, consequential, and punitive damages in the full amount permitted by law;

3. Award Impact Homes Group the costs incurred in this action, including its attorneys' fees;

4. A jury trial on all issues so triable; and

5. Any and all such other relief as this Court deems just and proper.

        Respectfully submitted,

        */s/ Jared A. Cox*
        Jared A. Cox (KBA # 92523)
        Kyle W. Miller (KBA # 97724)
        DENTONS BINGHAM GREENEBAUM LLP
        3500 PNC Tower
        101 S. Fifth Street
        Louisville, KY 40202
        Phone: 502-589-4200
        jared.cox@dentons.com
        kyle.miller@dentons.com

        *Counsel for Plaintiffs*

## VERIFICATION

The undersigned states that he has read the foregoing Verified Complaint, and that the factual statements set forth therein are true to the best of his information and belief.

_____
Travis Cox, as Sole Member of Impact Holdings
LLC d/b/a Impact Homes Group

COMMONWEALTH OF KENTUCKY   )
                                                   ) SS:
COUNTY OF JEFFERSON              )

Subscribed and sworn to before me by Travis Cox in his capacity as Sole Member of Impact Holdings LLC d/b/a Impact Homes Group, this ___ day of January, 2021.

_____
NOTARY PUBLIC

My Commission expires: _____